UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KIRK EVANS, JR., | ) | CASE NO.: C06-1085-TSZ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| CITY OF SEATTLE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding *pro se*, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 1.) By order dated August 15, 2006, the Court outlined the deficiencies in petitioner's habeas petition and granted petitioner an opportunity to amend. (Dkt. 3.) The Court advised petitioner that failure to correct the noted deficiencies would subject his petition to dismissal. *Id*. Petitioner did not submit an amended petition.

In order to bring a § 2254 action, a petitioner must be "in custody" for the conviction he attacks. *See* 28 U.S.C. § 2254(b)(1). He must indicate how he is "in custody" and name his custodian as respondent. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

REPORT AND RECOMMENDATION
PAGE -1

01 "[T]o satisfy the custody requirement, petitioner must demonstrate that he is subject to a

02 significant restraint upon his liberty 'not shared by the public generally.'" *Dow v. Circuit Court*,

03 995 F.2d 922, 923 (9th Cir.1993) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)).

04 Here, petitioner indicates he was sentenced in Seattle Municipal Court to 138 days in jail and 137

05 days of electronic home monitoring. (Dkt. 1 at 1.) A document attached to the petition directs

06 petitioner to report to Renton Municipal Jail on August 7, 2006. Therefore, it appears that

07 petitioner satisfies the "in custody" requirement in that he is "subject to" custody at this time. *See*

08 *Dow*, 995 F.2d at 923. However, given the lack of detailed information provided in the petition,

09 the Court requested clarification as to the nature of petitioner's custody status. Given petitioner's

10 failure to amend his petition, the question of whether he satisfies the "in custody" requirement

11 remains unclear.

12 If able to establish the "in custody" requirement, petitioner must name the proper

13 respondent(s). A petitioner for habeas corpus relief must name the state officer having custody

14 of him or her as the respondent to the petition. That person typically is the warden of the facility

15 in which the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal

16 courts of personal jurisdiction. *Stanley*, 21 F.3d at 360. A § 2254 petitioner who is not currently

17 in custody, but is subject to future custody, must name as the respondent the attorney general for

18 the state in which he or she was convicted. *See Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th

19 Cir. 1997). In this case, petitioner named the City of Seattle as respondent. (*See* Dkt. 1 at 1.)

20 Petitioner's failure to name the proper respondent necessitates dismissal of this action.

21 "An application for a writ of habeas corpus on behalf of a person in custody pursuant to

22 the judgment of a State court shall not be granted unless it appears that . . . the applicant has

REPORT AND RECOMMENDATION
PAGE -2

exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must present each of his claims to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993). In this case, petitioner indicates he appealed his conviction in Seattle Municipal Court, but that he did not seek review by a higher court. (*See* Dkt. 1 at 2.) Accordingly, petitioner's apparent failure to exhaust any of his claims serves as an additional reason to dismiss this action.

The Court cannot grant a writ of habeas corpus unless a petitioner demonstrates he is in custody in violation of federal law and that the highest state court decision rejecting his grounds was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(a) and (d)(1). Here, petitioner fails to include any grounds for relief in his petition. This failure to identify any grounds for relief also justifies the dismissal of this action.

For the reasons described above, this § 2254 petition should be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this <u>21st</u> day of November, 2006.

Mary Alice Theiler
United States Magistrate Judge